**Janet P. SYLVESTER**

v.

**John A. SYLVESTER.**

Supreme Judicial Court of Maine.

Argued Nov. 7, 1980.

Decided May 8, 1981.

John S. Upton (orally) and Donald A. Fowler, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Mark L. Haley (orally) and Duane D. Fitzgerald, Fitzgerald, Donovan, Conley & Day, Bath, for defendant.

Before WERNICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ.

CARTER, Justice.

This appeal arises from a contested divorce action. The plaintiff-wife appeals from two orders entered by the Superior Court (Cumberland County). We vacate the judgment of the Superior Court, and remand for further proceedings.

The history of this case displays a complex and bitter marital struggle, which has

been carried on in the Maine courts for nearly six years. The wife filed a complaint for divorce, on grounds of cruel and abusive treatment, in October 1975. In June 1977, the Superior Court entered an order for temporary maintenance and support, child support, and child custody. Trial took place in February 1978 and a final judgment granting divorce to the wife was entered on March 28, 1978. That judgment also awarded child custody to the wife, ordered the husband to pay alimony and child support, divided the marital property, and ordered the husband to pay the wife's counsel fees.

The defendant appealed that judgment to this Court. In attempting to assemble the record for his appeal, the defendant allegedly found the trial transcript to be inaccurate and otherwise inadequate for proper presentation of the issues he proposed to raise on appeal. His appeal was not heard because an order of remand was entered in this Court on October 10, 1978, "for proceedings consistent with Rule 59(f)."[1] The purpose of the remand was to provide the parties with an opportunity in the Superior Court to deal with the defendant's inability to obtain an adequate trial transcript.

On remand, counsel met with the court but were apparently unable to cure the alleged errors and inaccuracies in the trial transcript. On January 10, 1979, the defendant filed a motion for a new trial pursuant to Rule 59(f). In the meantime, the plaintiff had filed a motion for modification of her temporary support payments, a motion for enforcement of the March 1978 judgment, and a motion to hold the defendant in contempt for failure to comply with that judgment. The defendant also filed a motion for stay of the March 1978 judgment pending his appeal.

A hearing on all the pending motions was scheduled for February 23, 1979 but was continued, after preliminary discussion of the problems in the trial transcript.[2] At the trial court's request, the defendant subsequently filed an affidavit in support of his motion for a new trial, listing the alleged errors in the transcript. The plaintiff responded with a list of objections and comments.

The hearing on all the motions was then rescheduled for April 5, 1979. That hearing was postponed because the parties, upon arriving at the courthouse for the hearing, began a discussion aimed at resolving their dispute over the economic terms of the divorce judgment. The parties and their counsel spent the entire day in a negotiating session and produced a handwritten memorandum entitled "Settlement Agreement," listing eighteen points, and signed by both parties and their counsel. The terms of that document differed substantially from the terms of the March 1978 judgment then still in effect. It provided a reduced amount of alimony and child support, provided a different disposition of the marital property, and added some additional unrelated provisions. No formal action was taken before the Court on April 5 with respect to this handwritten memorandum.

An impasse was again reached when the plaintiff refused to sign a formal document prepared by the defendant's counsel and announced her refusal to be bound by the handwritten memorandum.

Hearing on all the pending motions was rescheduled for July 19–20, 1979. The hear-

---

1. M.R.Civ.P. 59(f) reads as follows:

   When any material part of a transcript of the evidence taken by the Official Court Reporter cannot be obtained because of his death or disability, the justice before whom the action has been tried may on motion, if he is satisfied that the lack of such transcript prevents a party from effectively prosecuting an appeal, set aside any judgment entered in the action and grant a new trial.

2. At that hearing, disagreement developed between defendant's counsel and the court as to the most desirable manner for producing evidence on the motion for a new trial. Counsel proposed to call the court reporter as a witness and question her about pertinent portions of the challenged transcript. The court objected and indicated that counsel should first precisely identify the alleged errors by stipulation or by affidavit. The court refused to hear any testimony until this was done and continued the matter for further assignment of a hearing date.

ing took place, but none of the evidence presented was related to the pending motions. Instead, the parties became enmeshed in the issues raised by the defendant's desire to enforce the April 5 handwritten memorandum against plaintiff as a binding settlement agreement. In the absence of any motion seeking modification of the existing judgment, but after hearing the parties' testimony on those issues, the court ruled from the bench that the handwritten memorandum was an agreement by the parties; the agreement was "fair and reasonable" to both parties; and the plaintiff had repudiated the agreement "without legal and just cause." The court stated that the agreement "would be approved and enforced" and that all other motions were not in order and "would be dismissed." No formal order enforcing the agreement, modifying the judgment, or dismissing the motions was entered at that time.

Following this proceeding, the plaintiff filed a motion, dated September 20, 1979, to nullify the April 5, 1979, agreement on the ground that she had had no opportunity to present evidence to show that the agreement was not fair and reasonable to her and her minor child. She also filed another motion, dated September 28, 1979, for reconsideration of the court's failure to grant her prior motion for enforcement of the March 1978 judgment.

On December 26, 1979, the justice who presided at the hearing of July 19–20, 1979, entered an order granting defendant's motion for a new trial, reopening the prior judgment, and ordering entry of a new judgment incorporating the terms of the April 5, 1979, handwritten memorandum.

The plaintiff timely filed a motion for new trial under M.R.Civ.P. 59(a) alleging error because the court never heard evidence on whether the April 5 settlement agreement was fair and reasonable. After a hearing on April 11, 1980, this motion was denied and all other pending motions were dismissed. Plaintiff now appeals to this Court from the judgment thus contesting the orders of April 11, 1980, and December 26, 1979.[3]

## I.

The plaintiff first contends that the Superior Court erred in finding that the April 5 memorandum was a binding contract and in determining that the settlement was fair and reasonable. In order to respond to these contentions, we would have to decide whether the unpleaded issues concerning the alleged settlement agreement were properly before the court at the July 1979 hearing and, if so, whether the court determined them correctly. Before reaching those questions, however, we must decide whether the case was in a procedural posture that allowed the court to direct entry of a new judgment.

The validity of the settlement agreement, as a matter of contract law, and its enforceability, as a fair and reasonable economic settlement, would have been the proper issues if the agreement had been presented to the court for approval and incorporation into the original divorce judgment. Here, the situation was very different because the settlement agreement came *after* what was, for enforcement purposes, a final judgment, while that judgment was still in effect, and it addressed issues that had already been litigated and decided by the court.

■ The court's ruling on the validity and fairness of the settlement agreement was, in the procedural posture of the case, premature. Before the court could properly incorporate the agreement into a new judgment, it first had to have a procedural basis for vacating or modifying the existing judgment. *See Bagley v. Bagley*, Me., 415 A.2d 1080, 1083 (1980). As the matter then stood, this was absent.

The defendant's attempt to enforce the settlement agreement was not based on a motion for prospective modification of the

---

**3.** The running of the time for appeal of the December 1979 judgment was suspended by the January 4, 1980 filing of plaintiff's motion for new trial. M.R.Civ.P. 73(a). Plaintiff had thirty days (computed under M.R.Civ.P. 6(a)) from denial of that motion on April 11, 1980 within which to appeal from the judgment.

judgment under M.R.Civ.P. 80(j) or a motion for relief from judgment pursuant to M.R.Civ.P. 60(b). Even if we were to find that the parties' conduct at the July 19–20 hearing implicitly converted the defendant's motion for a new trial into such a motion for modification or relief from judgment, the court heard no evidence and made no findings that would support the granting of either motion. Since the essential first step was never taken, we must vacate the judgment entered by the Superior Court and we cannot give any conclusive effect to its findings on the validity and enforceability of the "Settlement Agreement." [4]

## II.

■ The defendant contends that grounds for modification or relief from judgment were not necessary because the court acted under his Rule 59(f) motion for a new trial. If the court had first found proper grounds for a new trial and granted the motion on those grounds, the parties could then have avoided the new trial by reaching a settlement agreement and presenting it to the court for approval. Before it could properly order a new trial, however, the trial court had to make a determination on the issue presented by the defendant's motion.

According to Rule 59(f), the trial justice may set aside a judgment and grant a new trial "if he is satisfied that the lack of [a material part of the] transcript prevents a party from effectively prosecuting an appeal." The trial court made no finding on this issue and, under the circumstances of this case, we are not willing to attribute such a finding to the court. No evidence with respect to the trial transcript or the disability of the court reporter was presented at the July 19–20 hearing.[5] Moreover, the transcript of that hearing indicates that the trial court intended to avoid making a decision about the deficiencies in the trial transcript. After hearing the evidence about the April 5 memorandum and announcing its finding that the memorandum represented an agreement between the parties, the court referred to the problems with the defendant's appeal:

> I further find that the background of this case was a divorce judgment entered by this court, which was appealed by the defendant to the Law Court, and through no fault of the parties there was a considerable question involved concerning the official court transcript of the evidence, a serious enough question, it can be noted, that it was remanded to this Court by the Law Court.
>
> . . . . .
>
> There was a very serious and substantial question whether or not the matter could be determined in the Law Court, owing to the inadequacy in the record.
>
> Now, with that background and the exposure and the cost and all other things involved in any lawsuit, a settlement was reached.

After giving the details of its findings with respect to the settlement agreement, the court concluded:

> Now, the other point involved in this case, which is a little troublesome, and

---

**4.** We do not suggest that the time and effort invested at the July 19–20 hearing is *necessarily* lost. If, on remand, the Settlement Agreement comes before the Superior Court on an appropriate motion, the court can determine what, if any, effect should be given to the prior proceedings in light of M.R.Civ.P. 15(b) and any other relevant considerations.

**5.** The only evidence in the record to support the allegations in the defendant's motion for a new trial is the defendant's affidavit and list of errors and inaccuracies and the plaintiff's responses, listing her objections and comments to the defendant's list. These papers were all filed in March 1979, in response to the court's request following the February 23 hearing, and in anticipation of the hearing scheduled for April 5. The defendant's affidavit indicates that these lists would be supplemented at the hearing by testimony of the court reporter as to her ability to correct the errors, as well as the defendant's testimony as to how the condition of the transcript would prevent him from prosecuting his appeal. Due to the court's continuing of the hearing originally scheduled on February 23, 1979, the parties' postponement of the April 5 hearing, and the court's ruling on July 20 that it was prepared to incorporate the settlement agreement into a new judgment without further proceedings, the parties never had an opportunity to offer this evidence.

this is the matter was remanded on hearing from new trial, and by a previous order of the court, there are other issues involved and they were all ordered to be tried together. Now, it is the view of the court, that since there was a final agreement in this case, since the court has seen or held that it is a final agreement, that that ends all proceedings in this case, that any other motions are out of order at this time other than those that may be based upon the final settlement agreement. So counsel may consider that the judgment should be entered in this case . . . .

█ The court's final remarks indicate that it thought the issue of the inadequate trial transcript had been made moot by the parties' settlement agreement. This was an erroneous conclusion.[6]

It would not be proper to uphold the trial court's new judgment on the assumption that it made the necessary determination for granting a new trial. There is a time when litigation must come to an end, and that time—subject to the defendant's right to appeal—came when final judgment for the plaintiff was entered in March 1978. The plaintiff was apparently satisfied with that judgment and if she had not been concerned about the prospect of a new trial, she would have had no reason to enter into a settlement agreement on April 5, 1979. Therefore, that agreement should not have been enforced against her in the form of a new divorce judgment unless and until there had been a proper determination that a new trial was required. We therefore hold that the December 1979 judgment must be vacated. The prior judgment, entered on March 28, 1978, must be reinstated and must be considered to have been in continuous effect since the date of its entry.

We also recognize, however, that the defendant is entitled to appeal from the March 1978 judgment and is entitled to a determination on the issues originally raised by his motion for a new trial due to the death or disability of the court reporter. We therefore remand to the Superior Court in order for the parties to present evidence and the court to make a determination on this issue.

### III.

█ We also agree with the plaintiff's contention that the Superior Court erred in dismissing her motions for enforcement of the March 1978 judgment. The final judgment entered on March 28, 1978 extinguished the temporary order that had been in effect since June 1977. *See Tibbetts v. Tibbetts*, Me., 406 A.2d 78 (1979). According to M.R.Civ.P. 62(a), an order in a divorce action relating to separate support of the wife and support of the minor children is not automatically stayed during the pendency of an appeal. Therefore, the March 1978 judgment was in effect during the pendency of the defendant's appeal and his motion for a new trial. On remand, the wife should be heard on her motions to enforce the alimony and child support provisions of that judgment.

On remand, the Superior Court shall also address the plaintiff's request for award of counsel fees on appeal. *See Bryant v. Bryant*, 411 A.2d 391, 396 (1980).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

**6.** The defendant argues that the court had authority to reopen the judgment under Rule 59(a) which states, in part:

On a motion for a new trial in an action tried without a jury, the justice before whom the action has been tried may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions and direct the entry of a new judgment.

This provision authorizes the trial court, upon determining that errors of law exist that would otherwise require a new trial, to reopen the judgment and cure the error without the formality of a complete new trial. It does not authorize the court to grant a motion for a new trial and open a judgment without first making a determination on the issue presented by the motion.