**Shirley E. QUIMBY**

v.

**Ronald E. QUIMBY.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1982.

Decided Sept. 22, 1982.

Law Offices of Burton G. Shiro, Charles E. Trainor (orally), Waterville, for plaintiff.

Samuel J. Humpert (orally), Mark S. Kierstead, Waterville, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

MEMORANDUM OF DECISION.

Through new counsel the Defendant, Ronald E. Quimby, appeals from a judgment of divorce entered September 17, 1981, in Superior Court, Somerset County, the Defendant raising two objections neither presented nor ruled upon at hearing in the divorce court.

We affirm the judgment below.

The Defendant alleges that he was involuntarily excluded from his divorce hearing. Although he left shortly thereafter, he was in the courtroom when the case was called for hearing. Throughout the hearing the Defendant was represented by counsel.

Any objection regarding the circumstances of the Defendant's departure from the courtroom should have been made at hearing. No objection whatsoever was made, and no manifest error is involved; we, therefore, decline to consider this issue

at the appellate stage. *Justard v. Oxford Paper Co.,* Me., 431 A.2d 1309, 1312 (1981).

Additionally, the Defendant asserts that the divorce court erred in treating as marital property a residence acquired by the Defendant more than two years after the parties married. A careful review of the record reveals no evidence overcoming the statutory presumption that property acquired at such a time is marital property. 19 M.R.S.A. § 722–A(3) (1981). Dispositions of marital property are reviewable only for abuse of discretion. *Stevens v. Stevens,* Me., 448 A.2d 1366, 1371 (1982). No abuse of discretion was shown here.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.