**Robert D. SPICKLER**

v.

**Roger P. DUBE\*.**

Supreme Judicial Court of Maine.

Argued June 8, 1983.

Decided Aug. 3, 1983.

Robert D. Spickler (orally), pro se.

Levenson, Levenson & Vickerson, Alan Levenson (orally), Mayo Levenson, Thompson, Willard & McNaboe, Nicholas Bull, Portland, for defendant.

---

\* This case was originally captioned *R.D. Realty Corp. v. Roger Dube v. Olive Spickler.* R.D. Realty Corp. and Olive Spickler, however, have not appealed. We, therefore, have modified the caption to reflect the names of the parties involved in this appeal.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

PER CURIAM.

Robert Spickler appeals a judgment in favor of Roger Dube entered in the Superior Court, Lincoln County. The only issue presented on this appeal is whether the Superior Court erred in denying Spickler's motion for a new trial without a hearing. We affirm the judgment of the Superior Court.

## I.

This case involves a purchase of land on a peninsula known as Parker Head Neck in Phippsburg, Maine. This land was owned by R.D. Realty Corp.; Roger Dube was the president and sole shareholder of that corporation. On November 6, 1973, Robert Spickler and Dr. William Pettengill purchased R.D. Realty Corp., including the land. In return, they paid Dube $30,000 in cash and executed four notes totaling $270,-000 which were secured by mortgages on the land. In April of 1976, Pettengill sold his stock in R.D. Realty Corp. to Spickler, Spickler's wife, and their children. After R.D. Realty Corp. developed the land on the peninsula, several buyers became interested in purchasing parcels of the land. When notified of the pending sales, Dube refused to release the mortgages on the land, claiming that R.D. Realty Corp. had defaulted in its mortgage payments.

As a result, R.D. Realty Corp. brought an action against Dube alleging, inter alia, that Dube had breached their agreement. Dube filed a counterclaim requesting the court to find R.D. Realty Corp. in default. In a pretrial order, Robert Spickler and his wife were added as plaintiffs to the action. After a jury trial, judgment was entered for the defendant based upon a finding that R.D. Realty Corp. and the Spicklers, not Dube, had breached the contract and that R.D. Realty Corp. had defaulted on the

mortgage payments.[1] Subsequently, Spickler, pro se, filed a motion for a new trial pursuant to M.R.Civ.P. 59 alleging that Defendant's Exhibit # 19, a photocopy of a letter dated September 2, 1974, is "a false writing and is therefore fabricated evidence." Attached to the motion were several affidavits and exhibits. The court refused Spickler's request for a hearing and denied the motion. Spickler, pro se, filed a timely appeal to this Court.

## II.

The justice properly denied the motion for new trial. Under M.R.Civ.P. 59(a), Spickler had to establish:

(1) that the new evidence is such that it will probably change the result upon a new trial, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue and (5) that it is not merely cumulative or impeaching.

Town of Eliot v. Burton, 392 A.2d 56, 58 (Me.1978) (quoting Harrison v. Wells, 151 Me. 75, 81, 116 A.2d 134, 137 (1955)). In this case, the record supports a conclusion that any alleged falsity of Defendant's Exhibit # 19 could have been discovered before trial if Spickler had exercised due diligence. Spickler has failed to demonstrate sufficiently that before or during the trial, he could not have discovered and presented the evidence that he now relies upon to show the falsity of the exhibit. To assert only that "he did not know" about that evidence does not adequately establish that, through the exercise of due diligence, the evidence could not have been discovered in time to raise it at trial. Moreover, the record indicates that such evidence was "merely cumulative or impeaching." Dube testified at trial that he had sent a letter on September 2, 1974 in which he demanded payment, but Spickler testified that he had never seen the letter and could not identify

1. At trial, the plaintiffs were represented by counsel, but all post-trial activity was conduct-

ed by Spickler, pro se.

it. Consequently, even if Spickler had demonstrated the falsity of the letter, that evidence would have only served to further impeach Dube's testimony.

We also have considered whether the trial court should have treated Spickler's motion as seeking relief from fraud of an adverse party under M.R.Civ.P. 60(b)(3). We conclude, however, that the trial court cannot, *sua sponte,* convert a motion expressly stated to be filed pursuant to Rule 59 to a Rule 60(b) motion. Although such motions may overlap and both may address newly discovered evidence, they are not interchangeable. A Rule 60(b) motion, by definition, is aimed at relief from a final judgment. Under M.R.Civ.P. 73, a motion under Rule 60(b) does not affect the running of time for appeal. On the other hand, a timely motion under Rule 59 terminates the running of time for appeal. If a motion under Rule 59 were converted to a Rule 60(b) motion, there would be no enlargement of the appeal period and the movant would lose the right to direct appellate review. Because of this distinction, we cannot treat this motion as a Rule 60(b)(3) motion. This ruling neither prohibits nor prevents Spickler from asserting fraud in a Rule 60(b) motion so long as it is filed within one year of judgment.

Finally, the trial justice acted within his discretion in refusing Spickler's request for a hearing on his motion for a new trial. It is within the discretion of the trial justice to dispense with a hearing and to decide the case on the record and the affidavits submitted by the parties. M.R. Civ.P. 43(e); *see Cates v. Farrington,* 423 A.2d 539, 542 (Me.1980) (citing *Boothbay Register, Inc. v. Murphy,* 415 A.2d 1079, 1079 n. 1 (Me.1980)). The justice presided at trial and, therefore, heard the evidence, saw the exhibits, and listened to the arguments. *Cates,* 423 A.2d at 542. He also had before him the affidavits submitted by Spickler. Finally, Spickler does not suggest any additional evidence that would have been presented at a hearing that was not placed in the record through the affidavits.

*See Boothbay Register,* 415 A.2d at 1079 n. 1. In these circumstances, we find no abuse of discretion.

The entry is

Judgment affirmed.

All concurring.