STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-090
GAB-YOR- 1/10 2005

ISLAND TERRACE CONDOMINIUM
OWNERS ASSOCIATION,

Plaintiff

v.

CV-02-309

COASTAL CONSTRUCTION AND
LANDSCAPING, INC., et al.,

Defendants

-------------------------------------------------------

MORIN STEEL, INC.,

Plaintiff

**ORDER**

v.

RE-02-090

JAN 24 2005

COASTAL CONSTRUCTION AND
LANDSCAPING, INC., et al.,

Defendants

This case comes before the court on Plaintiff Island Terrace Condominium Owners Association's (ITOA) Motion for Reconsideration pursuant to Maine Rule of Civil Procedure 59.

## FACTS

ITOA seeks reconsideration of this Court's October 13, 2004, order, denying ITOA's Motion for Summary Judgment. In that order, this Court found there was a genuine issue of material fact as to whether labor and materials provided by Morin Steel (Morin) benefited only ITOA's residential units, benefited a commercial unit, or benefited common areas which in turn benefit a commercial unit. Because the "double

payment" defense raised by ITOA under Maine's Lien Claim Statute, 10 M.R.S.A. § 3255(3) is not available to owners of property used for commercial purposes, this dispute was held to be material to Morin's lien claim and ITOA's liability, precluding summary judgment.

## DISCUSSION

Under Maine Rule of Civil Procedure 59, a motion for reconsideration of a judgment "permits substantive alteration when necessary to achieve substantial justice." *Most v. Most*, 477 A.2d 250, 257 (Me. 1984). The trial court "is free within a very limited time period to alter or amend its judgment when convinced it was erroneous and substitute the proper judgment in its place. *Id.* at 258. However, a Rule 59(e) motion need not be granted "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1981). The burden is on the moving party to show such error or injustice. 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 59.4a (Supp. 1981).

ITOA argues that it is entitled to judgment as a matter of law under the "double payment" defense of 10 M.R.S.A. § 3255. ITOA argues there is no issue of material fact that the steel provided by Morin was not used for commercial purposes, and that, at the very least, this Court should grant ITOA relief in proportion to the ratio of residential to commercial use of the property. Such a proportional judgment, ITOA argues, is consistent with the intent of the statute.

However, ITOA fails to meet its burden of showing a prejudicial error or substantial injustice. The legislative intent of 10 M.R.S.A. § 3255(3) is plainly to protect residential homeowners from subcontractor liens. The Law Court noted that when a person "who has furnished labor, material, or services without a contract with a homeowner seeks enforcement of his lien, the mechanic's lien law provides a "double

2

payment" defense to the homeowner." *Goodwin v. Fox*, 1999 ME 33, ¶ 17, 725 A.2d 541, 544. The statute protects homeowners "when persons who have furnished material and services independently to the homeowner's contractor seek enforcement of their liens." *Pond Cove Millwork v. Steeves*, 598 A.2d 1181, 1182 (Me. 1991). However, that defense is expressly not available "where labor, materials or services are performed or furnished to the premises for a business, commercial of industrial purpose unless the owner resides on the premises affected." 10 M.R.S.A. § 3255(3)(2004). [1]

To succeed on summary judgment, ITOA must show two things are undisputed. As a business entity with a place of business elsewhere, ITOA must show it is a "homeowner" within the meaning of the statute, (or a commercial owner residing on the premises) and entitled to the protections of the "double payment" defense. Second, ITOA must show that the unpaid goods and services provided by Morin were not provided for commercial purposes.

Here, the undisputed facts show that ITOA used Morin's materials and services to restore a structure that included 30,028 square feet of commercial space used by commercial tenants. Although ITOA refers repeatedly to a ratio of ninety residential units to one commercial unit, the commercial unit accounts for almost one-fourth of the occupied space in the condominium. It is also undisputed that owners of commercial space are allocated an interest in the common elements of the condominium, which, by ITOA's own declaration, include structural components of the building, such as the roof, foundation, and exterior walls.

The record on summary judgment includes the affidavit of Morin's President, who asserts personal knowledge that Morin steel was used to provide structural

---

[1] Contrary to ITOA's assertion that this Court's decision will preclude seamstresses and caterers from raising the "double payment" defense, the statute itself expressly protects homeowners who work and reside in the same premises.

support to the second floor where commercial space is located, and structural support to upper floors. His affidavit is contradicted in part by the affidavit of ITOA's renovation representative, also based on personal knowledge, that Morin steel was only used in residential areas. This conflicting testimony creates a disputed issue of fact about where Morin steel was installed and for what purposes, precluding summary judgment.

The plain language of the statute suggests that an exception for commercial owners who reside on their premises is the only mixed-use exception. The Law Court has held repeatedly that lien statutes are to be construed liberally "to further their equity and efficacy when it is clear that the lien has been honestly earned, and the lien claimant is within the statute." *Pineland Lumber Co. v. Robinson,* 382 A.2d 33, 36 (Me. 1978); *Twin Island Dev. Corp. v. Winchester,* 512 A.2d 319, 323 (Me. 1986); *Combustion Eng'g v. Miller Hydro Group,* 577 A.2d 1186, 1188 (Me. 1990). It would be premature to consider such a reading of the statute at this point.

Because ITOA has not met its burden of showing either prejudicial error or substantial injustice in the previous judgment, its Motion for Reconsideration is Denied.

The clerk may incorporate this order in the docket by reference.

Dated:        January 10, 2005

G. Arthur Brennan
Justice, Superior Court

Deborah Mann, Esq. & Brendan Rielly, Esq.
for Island Terrace Owners Association -
Thomas Marjerison, Esq. & Lance Walker, Esq.
for Coastal Construction and Landscaping, Inc., Coastal Construction and Landscaping, LLC,
J. Michael Grover a/k/a John M. Grover and Lori Morin
Ronald Bourque, Esq. for Morin Steel, Inc.