**STATE of Maine**

v.

**Mildred S. STINSON.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1984.

Decided March 2, 1984.

---

John R. Atwood, Dist. Atty., Charles K. Leadbetter, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Richard W. Elliott, Boothbay Harbor (orally), for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Mildred Stinson, appeals from her conviction of aggravated forgery in violation of 17–A M.R.S.A. § 702 (1983)[1] resulting from a jury trial in Superior Court (Lincoln County). On appeal she argues that the court erred in excluding from evidence a portion of her hospital record. We find no error and deny the appeal.

The following facts are undisputed. On April 1, 1981 at the First Federal Savings and Loan in Boothbay Harbor, the defendant produced a check drawn on the United States Treasury Department payable to Lenoire H. Benario. While a teller looked on, the defendant endorsed the check with her name below a pre-existing signature purporting to be that of Mrs. Benario. The check was then proffered to the teller who in turn cashed it and paid over the entire sum to the defendant. At trial, Mrs. Benario testified that she did not endorse the check or give permission to the defendant to do so.

In an attempt to raise a reasonable doubt as to the existence of the requisite culpable state of mind, the defendant introduced evidence of intoxication. See 17–A M.R.S.A. § 37 (1983).[2] In this regard, the defendant offered into evidence a copy of a Short Stay Record of St. Andrews Hospital of Boothbay Harbor, where she was admitted after an automobile accident on the same day as the alleged forgery. The Short Stay Record referred to her intoxicated state at the time of her admission. The State, however, objected to the last sentence of an ADDED NOTE in the record which concerned statements made by the Maine State Police. The ADDED NOTE provided in full:

Shortly after admission, State Police were called with regard to this patient's being in an automobile accident and obviously under the influence of alcohol to a

---

1. Section 702 provides in pertinent part:
   1. A person is guilty of aggravated forgery if, with intent to defraud or deceive another person or government, he falsely makes, completes, endorses or alters a written instrument, or knowingly utters or possesses such an instrument, and the instrument is:
   A. Part of an issue of money, stamps, securities or other valuable instruments issued by a government or governmental instrumentability.

2. Section 37, in relevant part, provides:

1. Except as provided in subsection 2, evidence of intoxication may raise a reasonable doubt as to the existence of a required culpable state of mind.
2. When recklessness establishes an element of the offense, if the actor, due to self-induced intoxication, is unaware of a risk of which he would have been aware had he not been intoxicated, such unawareness is immaterial.

fairly marked degree. *Was advised by the State Trooper that blood alcohol was not necessary and might cause legal problems because patient was not mentally alert enough to sign authorization or permit for same.*

(emphasis added to disputed portion). Over defense counsel's objection, the contested sentence was excised. The defendant asserts that the presiding justice should have admitted it under the authority of either M.R.Evid. 803(4) or M.R.Evid. 803(6).

The rationale underlying the Rule 803(4) [3] hearsay exception for statements made for purposes of medical diagnosis or treatment is that the declarant's motive guarantees their trustworthiness. It relies on the declarant's strong interest to tell the truth because diagnosis or treatment will depend in part upon what the declarant says. *State v. Howard,* 405 A.2d 206, 209 (Me. 1979). Although there is authority for the proposition that statements made by a family member of the patient may come within the rule, J. Weinstein & M. Berger, *Weinstein's Evidence* § 803(4)[01] (1978), there is none for the proposition that a statement of a person, "whose identity, qualifications, and relationship to the patient are unknown," may be admitted under Rule 803(4). *State v. Howard,* 405 A.2d at 210. Assuming a sufficient showing that the statement was obtained for purposes of medical diagnosis, the rationale of the rule is inapplicable.

The defendant also asserts, for the first time, that the excised sentence of the ADDED NOTE was admissible as a business record pursuant to Rule 803(6).[4] This argument fails even if we disregard the defendant's failure to preserve the alleged error for appeal. In *Howard,* we said

> That rule requires the proponent of the document to produce the custodian of the record, "or other qualified witness," to testify that the offered document was "kept in the course of a regular conducted business," and that it was the "regular practice of that business to make [such a document]." No such testimony was introduced at trial, an omission fatal to the document's admissibility as a business record.

*State v. Howard,* 405 A.2d at 210 (bracketed material in original). Similarly, because of the omission of the testimonial foundation which Rule 803(6) required, the disputed portion of the ADDED NOTE was not admissible as a business record.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** Rule 803(4) provides:

Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

**4.** Rule 803(6) provides:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regular conducted business, and if it was the regular practice of that business to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.