**Terry SMALL**

v.

**Kathleen LIBBEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1988.

Decided June 30, 1988.

Peter M. McGee, Portland, for plaintiff.

Kathleen Libbey, Poland Springs, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, Terry L. Small, appeals from a default judgment for $75,000 in damages entered in his favor by the Superior Court, Cumberland County. We find no merit in Small's contentions that the trial court erred in refusing to admit in evidence certain hospital records and denying Small's motion for a new trial, and affirm the judgment.

A default was entered against the defendant, Kathleen Libbey, when she failed to file an answer to Small's complaint seeking damages for injuries claimed to have been suffered by reason of Libbey's negligent operation of a car in which Small was

a passenger. At the hearing on July 15, 1987 on Small's motion for a default judgment and damages, Small offered in evidence a document marked as his Exhibit 1 that was identified by Small as his admission record to the hospital after the accident. The trial court denied its admission in evidence on the ground that because of its lack of proper authentication there was no basis for its admissibility. Approximately one month after judgment in the amount of $75,000 was entered in his favor, Small filed a motion for a new trial to allow the submission of expert medical testimony by his treating physician as to the extent and permanency of the injuries suffered by Small. Without a hearing, the trial court denied the motion on the ground that there was no excuse and none offered for the failure to offer such expert medical testimony at the time of the July 15th hearing, and Small appeals.

■ Small first contends that because Libbey was not present or represented at the July 15th hearing and accordingly made no objection to the admission in evidence of the uncertified hospital records, the trial court erred in denying the admission of those records.[1]

16 M.R.S.A. § 357 (1983) provides in pertinent part:

Records kept by hospitals and other medical facilities ... shall be admissible, as evidence in this State so far as such records relate to the treatment and medical history of such cases and the court shall admit copies of such records, if certified by the persons in custody thereof to be true and complete.... Copies of photographic or microphotographic records so kept by hospitals and medical facilities, when duly certified by the person in charge of the hospital and other medical facility, shall be admitted in evidence equally with the original photographs or microphotographs.[2]

M.R.Evid. 803(6) provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(6) **Records of Regularly Conducted Business.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regular conducted business, and if it was the regular practice of that business to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institutions, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Here, the only identification of the hospital record offered in evidence was by Small. We have previously stated that when the identity and qualifications of the person who prepared a hospital record is unknown and no witness is produced to testify that the record was kept in the ordinary course of the hospital's business, the record is not admissible. *See State v. Stinson*, 472 A.2d 416, 418 (Me.1984). Because Small offered no testimony as to the authenticity or completeness of the hospital record, as required by 16 M.R.S.A. § 357, or that it was kept in the ordinary course of the hospital's business, as required by M.R.Evid. 803(6), the trial court properly

---

1. Small contends that the court refused to admit in evidence Small's offered exhibits marked 1 through 9, which consisted of various hospital records and reports resulting from treatment for his injuries. The record reflects that only Exhibit 1 was offered by Small and denied admission in evidence by the trial court. Nothing in the record identifies or refers to the other 8 exhibits. Accordingly, we only address the admissibility of Small's Exhibit 1.

2. *See also* M.R.Evid. 901(a) and (b)(10) (requirement of authentication or identification as condition precedent to admissibility can be satisfied by method provided by "rule of the Supreme Judicial Court of this state or by a statute or as provided in the Constitution of this state.").

refused to admit the record in evidence for the court's consideration of its contents.

 Small next contends that the trial court abused its discretion in denying his motion for a new trial on the ground that the damages awarded by the court were inadequate in light of his injuries and seeking to offer the testimony of his treating physician as to those injuries and the permanent impairment suffered by Small.

M.R.Civ.P. 59(a) provides that on a motion for a new trial in an action tried without a jury a judgment may be opened, additional testimony taken, the judgment amended or new findings of fact and conclusions of law made, and a new judgment directed. Rule 59(b) requires that the motion for a new trial be filed within 10 days after entry of judgment. The record reflects that in the instant case the judgment for damages was entered on July 21, 1987, and the motion for new trial was filed on August 18, 1987. Small contends, however, that because his motion was based on newly discovered evidence and filed within one year from the entry of the judgment for damages, it was timely under M.R. Civ.P. 60(b)(2). In order to establish his right to a new trial on the issue of damages on the basis of newly discovered evidence, Small has to show:

1) that the new evidence is such that it will probably change the result upon a new trial,

2) that it had been discovered since the trial,

3) that it could not have been discovered before the trial by exercise of due diligence,

4) that it is material to the issues and

5) that it is not merely cumulative or impeaching.

*Spickler v. Dube,* 463 A.2d 739, 740 (Me. 1983). There is nothing in the record to show why the testimony of Small's treating physician was not offered at the hearing on July 15.

In his motion, Small recited that he had received his physician's report after the hearing.[3] The exhibits attached to the affidavit filed in support of Small's motion reflect, *inter alia,* that between August 10, 1986, when his physician discharged Small from the hospital, and the July 15, 1987 hearing Small had a number of office visits with his physician for medical care. The last office visit occurred on April 29, 1987.[4]

Small does not claim, nor on this record can he, that the evidence he now seeks to present could not have been discovered before the hearing by the exercise of due diligence. The trial court properly denied Small's motion for a new trial. *See Inhabitants of Town of Kennebunkport v. Forrester,* 391 A.2d 831, 834 (Me.1978).

The entry is:

Judgment affirmed.

All concurring.

---

3. Small recites in his brief that, although requested prior to the hearing, he did not receive his doctor's report until two weeks after the hearing.

4. At the hearing, Small testified extensively as to the nature and extent of the injuries and the permanent impairment suffered by him as a result of the automobile accident.