**Robert SPICKLER and Olive Spickler**

v.

**Roger DUBE, et al.**

Supreme Judicial Court of Maine.

Argued April 29, 1994.

Decided July 11, 1994.

Robert D. Spickler (orally), Olive S. Spickler, pro se.

Harrison Richardson, Daniel Gilligan (orally), Richardson & Troubh, Robert F. Montgomery, Nicholas Bull, Marshall Tinkle, Thompson, McNaboe, Ashley & Bull, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Plaintiffs Robert and Olive Spickler appeal from a summary judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) in favor of defendants Roger Dube and Alan Levenson in which the court dismissed the Spicklers' shareholders' derivative suit on the basis of *res judicata.* The Spicklers also appeal from an order enjoining them and their corporation, R.D. Realty Corporation, from filing future complaints against the defendants without first securing the approval of a Superior Court justice. Because the Spicklers' complaint was properly barred on the basis of *res judicata,* and the issuance of the injunction against future litigation was well within the court's discretion, we affirm.

In 1982, the Spicklers and R.D. Realty, their closely held corporation, brought suit against Dube on the basis of a 1973 land transaction involving Dube and R.D. Realty. *See Spickler v. Dube,* 463 A.2d 739 (Me.1983) (*Spickler I* ). Dube was represented by attorneys Alan Levenson and Mayo Levenson. At trial, the jury found in favor of Dube, and accordingly, judgment was entered for Dube. *Id.* at 740.

Alleging that a 1974 letter from Dube to Robert Spickler entered into evidence at that trial was fabricated evidence, the Spicklers filed a motion for new trial pursuant to

M.R.Civ.P. 59. Following the trial court's denial of the motion, this court affirmed the judgment on appeal, but noted that Spickler could assert fraud pursuant to M.R.Civ.P. 60(b)(3). *Id.* at 741. Spickler pursued this course, but subsequently withdrew his Rule 60(b)(3) motion.[1]

In 1984 Robert Spickler filed a complaint in the United States District Court, *Spickler v. Dube,* No. 84-0059P (D.Me.1984) (*Spickler II* ), in which he alleged that Dube and the Levensons manufactured evidence in *Spickler I* and introduced it through Dube's testimony.[2] The day before trial was scheduled to begin, the court denied Spickler's motion to allow R.D. Realty and Olive Spickler to intervene. Robert Spickler did not appear for trial. The court dismissed his complaint for want of prosecution pursuant to F.R.Civ.P. 41. It also heard evidence on, and granted, the defendants' counterclaim for injunctive relief, prohibiting Robert Spickler from bringing suit against the defendants in federal court on the issues raised in the complaint or the underlying land transaction without first demonstrating a *prima facie* case to a federal court judge; the First Circuit Court of Appeals affirmed in an unpublished opinion. *Spickler v. Dube,* Nos. 87-1833, 87-1962, 87-1963 (1st Cir. June 22, 1988).

The Spicklers then filed three complaints in Maine courts. The first case, the one that is the subject of the within appeal, is brought by both Spicklers against Dube and the Levensons and, as was alleged in the federal lawsuit, alleges that Dube fabricated evidence, and that attorneys Alan and Mayo Levenson aided in committing a fraud upon the court. The Spicklers brought the suit in two capacities, as shareholders in a shareholder's derivative suit,[3] and as assignees of all of R.D. Realty's rights in the matter against Dube and the Levensons. In the

1. Although both Robert and Olive Spickler as well as R.D. Realty were plaintiffs at the trial in *Spickler I,* only Robert Spickler appealed. *Spickler v. Dube,* 463 A.2d 739, 739 (Me.1983). In addition, the Spicklers were represented by counsel at trial, but they have since appeared *pro se. Id.* at 740 n. 1.

2. Olive Spickler also filed an abuse of process suit against Alan Levenson in the United States District Court. Levenson's motion for summary

judgment was granted; the First Circuit Court of Appeals affirmed in an unpublished opinion. *Olive Spickler v. Alan Levenson,* Nos. 88-1345, 88-1346 (1st Cir. Jan. 18, 1989).

3. Subsequent to the Spicklers' filing of their complaint, we have held that shareholders cannot bring a derivative suit in the absence of an attorney, as the Spicklers have done in this instance. *Spickler v. York,* 566 A.2d 1385, 1390 (Me.1989).

second case, Robert Spickler filed a complaint in Probate Court against Alan Levenson individually and as executor of the estate of Mayo Levenson, alleging that Alan Levenson improperly disallowed Spickler's claim against the estate, which was based on Spickler's complaint against Mayo Levenson in *Spickler II*. This probate action was removed to Superior Court and consolidated with the first case to constitute *Spickler III*.[4]

The defendants filed counterclaims, requesting the Superior Court to enjoin the Spicklers and R.D. Realty from bringing any further actions related to the land transaction or the *Spickler I* litigation. They also filed motions for a summary judgment against the Spicklers and in favor of their counterclaims. The Superior Court granted those motions and entered summary judgment and, in addition, permanently enjoined the Spicklers, R.D. Realty, "their agents or persons acting in [concert] with them ... from filing any complaint in any Maine Court relating to" the 1973 land transactions or any subsequent litigation between the parties unless they "satisfy a justice of [the Superior Court] that the action they seek to file presents at least a *prima facie* case." The Spicklers then appealed to this court.[5]

We review the summary judgment against the Spicklers by reviewing the evidence in a light most favorable to them to determine whether the Superior Court committed an error of law. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me.1992). We review the court's issuance of the injunction for an abuse of discretion, *see Thomas v. Fales*, 577 A.2d 1181, 1183 (Me.1990), and the factual findings underlying the exercise of that discretion for clear error. *See Morin Bldg. Prod. Co., Inc. v. Atlantic Design & Constr. Co., Inc.*, 615 A.2d 239, 241 (Me.1992).

### I.

 *Res judicata* prohibits relitigation of an entire cause of action between the same parties or their privies once a valid final judgment has been rendered in an earlier suit on the same cause of action. *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me.1982). Accordingly, *res judicata* bars subsequent litigation if " '(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action.' " *Bezanson v. First Nat'l Bank of Boston*, 633 A.2d 75, 76 (Me.1993) (quoting *Currier v. Cyr*, 570 A.2d 1205, 1208 (Me.1990)).

The United States District Court's dismissal of *Spickler II* for want of prosecution serves as a valid final judgment for the purposes of *res judicata*. Dismissal for want of prosecution is an adjudication on the merits under federal law, F.R.Civ.P. 41(b), and Maine law. M.R.Civ.P. 41(b); *Department of Human Servs. v. Lowatchie*, 569 A.2d 197, 200 (Me.1990); *Kradoska v. Kipp*, 397 A.2d 562, 567 (Me.1979); *see Restatement (Second) of Judgments* § 19 cmt. b(b) (1982). In addition this case asserts the same cause of action as was presented in *Spickler II*; it presents the same legal issues and arises out of the same occurrence, the initial trial in *Spickler I*. The only dispute is whether the instant case and the federal case involve the same parties or their privies. In the federal litigation, Robert Spickler was a litigant in his personal capacity. In the case at bar, Robert and Olive Spickler are litigants in their capacity as shareholders of R.D. Realty, and as assignees of R.D. Realty's rights and claims in this matter.

Generally, a judgment in an action to which a shareholder is a party has no preclusive effects upon the corporation. *Restatement (Second) of Judgments* § 59 (1982). The identity of the parties, however, is not a matter of form, but of substance, based in part on an identification of the interests advanced in the first proceeding. *Crane v.*

---

4. The third complaint filed in state court was a probate claim filed in Superior Court by Robert Spickler against Alan Levenson individually and in his capacity as personal representative of the Estate of Mayo Levenson, alleging that Alan Levenson had acted in bad faith and had abused his position as personal representative of the estate of Mayo Levenson; the complaint was dismissed pursuant to M.R.Civ.P. 41(b). *Spickler v. Leven-*

*son*, No. CV–86–641 I(Me.Super.Ct., Cum.Cty., Dec. 1, 1988).

5. The Spicklers do not contest the entry of the summary judgment entered against Robert Spickler in his claim originally brought in the Probate Court.

*Commissioner of Dept. of Agriculture, Food & Rural Resources,* 602 F.Supp. 280, 285 (D.Me.1985) (*res judicata* barred suit by plaintiffs, most of whom were members of non-stock association corporation that had previously brought same cause of action in state court). *Cf. Northeast Harbor Golf Club, Inc. v. Town of Mount Desert,* 618 A.2d 225, 227 (Me.1992) (substance over form controls the inquiry into privity).

When a corporation is closely held, the interests of the corporation, its management and shâreholders generally fully coincide. *See Restatement (Second) of Judgments* § 59 cmt. e (1982). If the corporate form is ignored by the corporation's proprietors, the corporation may be treated as their alter ego. *Id.* When corporate form has been properly adhered to, however, the fact that the interests of a closely-held corporation and its proprietors are usually identical should not abrogate the corporation's distinct legal identity for purposes such as taxation, regulation and liability. *Id.*

> For the purpose of affording [an] opportunity for a day in court[,] ... however, there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct. On the contrary, it may be presumed that their interests coincide and that one opportunity to litigate issues that concern them in common should sufficiently protect both.
>
> The problem then becomes one of fair opportunity to litigate the issue in question.... When the controlling owner is the party to litigation, his opportunity and incentive to litigate issues commonly affecting him and the corporation is ordinarily sufficient to treat his participation as being on behalf of the corporation as well.

*Id.*

■ Thus, if a corporation is closely held, then the judgment in the shareholder's action is conclusive on the corporation except when relitigation is necessary to protect the interest of another owner or a creditor of the corporation. *Id.; cf. Red Carpet Corp. of Panama City Beach v. Roberts,* 443 So.2d 377, 380 (Fla.App.1983) (closely held corporation barred from bringing abuse of process action against former law firm when owners had previously filed and lost on counterclaims on same issues).

In this case, Robert Spickler, whose identical claim to the claim herein was dismissed with prejudice in *Spickler II,* was the sole investor in R.D. Realty. Olive Spickler, although not a party to *Spickler II,* submitted an affidavit in the case and has not demonstrated any interest as a shareholder divergent from that of Robert so as to require special protection. Thus, given the close identity of the parties and their interests, the judgment in *Spickler II* is conclusive on R.D. Realty and the Spicklers as its assignees and shareholders, and bars relitigation of this cause of action against Dube and Levenson.[6] *Cf. Northeast Harbor Golf Club,* 618 A.2d at 227 (two separate identities in privity when each has mutual or successive relationship to same rights of property).

## II.

■ The Spicklers also contend that the Superior Court erred in issuing the injunction against them requiring the Spicklers to satisfy a Superior Court justice that, before any complaint is filed against Dube or Levenson arising out of the 1973 land transaction, they have at least a *prima facie* case.

■ A court properly may enjoin a party from filing "frivolous and vexatious lawsuits." *Spickler v. Key Bank of S. Maine,* 618 A.2d 204, 207 (Me.1992). The party seeking the

---

6. The Spicklers correctly note that in the past this court has distinguished between Spickler and his corporate personae. *See, e.g., Spickler v. Flynn,* 494 A.2d 1369, 1372 n. 3 (Me.1985); *Spickler I,* 463 A.2d at 739. The distinction, however, was not based on the identity of the parties; it was grounded in the principle that a corporation may not represent itself *pro se,* but " 'may appear in court only through a licensed attorney.' " *Spickler v. Flynn,* 494 A.2d at 1372 n. 3 (quoting *Land Management, Inc. v. Department of Envtl. Protection,* 368 A.2d 602, 603 (Me.1977)); *see also Spickler v. York,* 566 A.2d at 1390 (Me.1989) (neither corporation nor shareholder in derivative suit may appear *pro se* ). Thus, those decisions have no bearing on the case at bar.

injunction, however, must make a detailed showing of a pattern of abusive and frivolous litigation, and the court must not issue a more comprehensive injunction than is necessary. *Id.* These requirements were met in this case.

Although the Spicklers contend that they were entitled to have the question of whether their litigation was abusive and frivolous decided by a jury, there is no entitlement to a jury determination of factual issues related to a proceeding to obtain an injunction. 50 C.J.S. *Juries* § 35 (1947); *see Farnsworth v. Whiting,* 106 Me. 430, 435, 76 A. 909 (1910) (no constitutional right to a jury in equitable proceedings). The defendants presented evidence documenting that the Spicklers have filed 20 lawsuits in Maine and federal courts, six of which involved the very subject matter of the present litigation, and the court's finding that the issues decided in *Spickler I* must finally be put to rest is not clearly erroneous.[7]

Finally, the injunction is no broader than necessary because it merely establishes a screening mechanism to examine future complaints raised by the Spicklers as a means to protect the defendants from baseless claims. The issuance of the injunction was well within the discretion of the court.

The entry is:

Judgment affirmed.

All concurring.

---

**7.** Moreover, Dube and Levenson also contend that there was no need to relitigate the issue of the lack of any basis for the filing of the Spicklers' complaint because it had already been determined during the U.S. District Court's hearing on the defendants' counterclaims in *Spickler II.* Like *res judicata.*

the related doctrine of collateral estoppel provides that the determination of an essential fact or issue that has been actually litigated and resolved by a valid final judgment in a prior action is conclusive on that fact or issue in subsequent litigation between the parties or their privies.

*S.H. Nevers Corp. v. Husky Hydraulics, Inc.,* 408 A.2d 676, 679 (Me.1979); *see also Sevigny v. Home Builders Assoc. of Maine, Inc.,* 429 A.2d 197, 201–202 (Me.1981). They contend that the final judgment in *Spickler II* in favor of the Levensons' counterclaim and granting the permanent injunction against Spickler determined that there was no basis to Spickler's complaint and that it had been brought for the purpose of harassment. Because Dube and Levenson presented new evidence on the issue that was relied on by the court, however, we need not address the effect of collateral estoppel on the determination of this factual issue. *But see Aetna Casualty & Sur. Co. of Hartford, Connecticut v. Kerr-McGee Chem. Corp.,* 875 F.2d 1252, 1259–60 (7th Cir.1989) (collateral estoppel barred subsidiary corporation's litigation of issue when sole shareholder/parent corporation had previously litigated same issue).