**Robert GRAHAM, et al., Plaintiffs,**

v.

**Dr. Kyl SMITH, et al., Defendants.**

**No. 03–195–P–H.**

United States District Court,
D. Maine.

Jan. 13, 2004.

---

Michael Joseph Gartland, Debra L. Brown, Marcus, Clegg & Mistretta, P.A., Jonathan Shapiro, Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, for Plaintiffs.

David B. McConnell, Perkins, Thompson, Hinckley & Keddy, Portland, ME, Richard A. Green, Jr., Law Offices of Green and Associates, Dripping Springs, TX, for Defendants.

### MEMORANDUM DECISION ON MOTION TO AMEND COMPLAINT

COHEN, United States Magistrate Judge.

The plaintiffs, Robert Graham and Michael .Shane, move to amend their complaint in this action to eliminate the first count, renumber the second count and change the relief requested in that count, and add a new count asserting a new claim. Plaintiffs' Motion to Amend the Complaint ("Motion") (Docket

No. 27) at 2. The motion is timely, having been filed before the deadline established in the court's scheduling order for amendment of the pleadings. Scheduling Order (Docket No. 19) at 1; Docket. The defendants, Dr. Kyl Smith and Creative Health Institute, Inc., oppose the second and third requests, asserting that the proposed amendments would be futile. Objection to Plaintiffs' Motion to Amend the Complaint ("Opposition") (Docket No. 32) at 1. I grant the motion in part.

There is no objection to the elimination of Count I as it appears in the initial complaint, and that portion of the motion is granted.

■■■ Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This directive is tempered by the principle that leave to make proposed amendments that would be futile may be denied. *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir.1996). " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* at 623. In reviewing for futility, the court applies the same standards that are applied to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Id.* "In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001). The defendants are entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir.2001); *see also Wall v. Dion*, 257 F.Supp.2d 316, 318 (D.Me.2003).

## I. Proposed Count I

The proposed amended complaint makes the following changes to Count II (to be renumbered as Count I):

Paragraph 50 [to be renumbered as paragraph 52]. Adding the following sentence: "Defendants' failure to dismiss Plaintiffs with prejudice from the Arbitration Proceeding demonstrates Defendants [sic] intent to perpetuate their allegations and to seek further unlawful and improper arbitration of this issue."

Paragraph 51 [to be renumbered as paragraph 53]. Changing "Plaintiffs are of the view" to "Plaintiffs submit" and adding the following sentence: "Moreover, Plaintiffs are not party to any agreement to arbitrate with Defendants."

Paragraph 54 [to be renumbered as paragraph 56]. Changing "the Arbitration proceeding against Plaintiffs is" to "arbitration proceedings by Defendants against Plaintiffs are unlawful."

Demand for relief. Changing a portion of subsection 3 from "the Arbitration Proceeding against Plaintiffs is" to "arbitration proceedings by Defendants against Plaintiffs are."

The defendants do not object to the proposed changes to paragraphs 50 and 51 and those amendments are accordingly allowed. They do contend that "Plaintiffs' proposed Count I should be rejected on ripeness grounds" because it seeks "a declaration that any future arbitration proceedings brought against them by Defendants seeking payment of Focus Factor royalties is unlawful," which they characterize as a claim based on contingent events that may never occur. Opposition at 4, 6.

The defendants' argument ignores the fact that the proposed Count I seeks a declaration that the plaintiffs have no liability to the defendants "for royalty payments allegedly due Defendants on account of sales of Focus Factor." Proposed Amended Complaint (Attachment 1 to Motion) ¶ 55 & at 12 (demand for relief). This demand cannot reasonably be characterized as being unripe. The motion to amend must be granted at least as to this portion of the proposed Count I.[1]

---

1. The defendants point out that an award was issued against the plaintiffs' corporation in an arbitration proceeding "on [the defendants'] claims for past royalties." Opposition at 6. However, this does not necessarily preclude the assertion of a claim for royalties against the plaintiffs themselves. The defendants do not represent, for example, that the arbitration award included all royalties they seek or that the terms of the

■ With respect to the claim presented in the proposed Count I for a declaration that any "arbitration proceedings by Defendants against Plaintiffs are unlawful," Proposed Amended Complaint ¶ 56 & at 12 (demand for relief), the plaintiffs characterize the proposed amendment as "entirely a matter of semantics" and assert that they may proceed on this claim "even without Court approval." Plaintiffs' Reply Memorandum in Support of Their Motion to Amend the Complaint ("Reply") (Docket No. 37) at 3. Understandably, they cite no authority in support of the latter assertion, which is clearly incorrect. The proposed change is substantive. The amended complaint would seek relief significantly different from that sought in the original complaint.

The plaintiffs assert, without citation to authority, that the facts that the defendants "recovered far less" from the plaintiffs' corporation than they sought in the arbitration proceeding, "failed to obtain rescission of the assignment of the Focus Factor product and trademark" in that proceeding, and "refused to consent to a permanent injunction prohibiting them from pursuing further arbitration against" the plaintiffs "indicate [the defendants'] interest in arbitrating future rescission and royalty claims against" the plaintiffs. *Id.* at 4. Their cavalier conclusion does not follow from the premises asserted. In addition, the first two facts are more relevant to the plaintiffs' claim for a declaration of no liability than to their claim for a declaration that any arbitration proceeding would be unlawful. With respect to the third fact, the defendants' unwillingness to contractually bar themselves from ever seeking arbitration of any dispute that they might have with the plaintiffs at any time is understandable and does not by itself provide grounds for the court to impose such a bar.

The issue of ripeness turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. Perhaps the most important consideration in determining whether a claim is ripe for adjudication is the extent to which the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all.

*Lincoln House, Inc. v. Dupre,* 903 F.2d 845, 847 (1st Cir.1990) (citations and internal quotation marks omitted). Here, the fact that the defendants will not promise never to seek arbitration of any disputes they may have with the plaintiffs does not and cannot mean that a demand for such arbitration will ever be made. Indeed, if the plaintiffs obtain the declaratory relief that they seek with respect to their liability for royalty payments, it is highly unlikely that any demand for arbitration of such claims would be made. Such claims are the only possible subject of arbitration apparent from the terms of the proposed amended complaint, even though it seeks relief much wider in scope. Given the injunctive relief already obtained by the plaintiffs in this action, Docket No. 18, it simply is not possible to conclude that the plaintiffs have a reasonable apprehension of being subjected to an demand for arbitration from the defendants. *See Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The plaintiffs seek relief against harm that is merely remote or contingent in this respect and the proposed amendment is accordingly futile with respect to this claim. *See Riva v. Commonwealth of Massachusetts,* 61 F.3d 1003, 1010 (1st Cir.1995).

## II. Proposed Count II

■ The defendants contend that the plaintiffs' claim for malicious prosecution arising out of litigation brought by the defendants in Texas is barred by the ruling of the arbitration panel on the claim of their corporation for malicious prosecution arising out of the same action. Opposition at 6–8.[2] The plaintiffs assert that the arbitration panel

award necessarily bar them from seeking further relief from other parties.

**2.** The defendants apparently do not object to proposed Count II to the extent that it alleges malicious prosecution arising out of the initiation of the arbitration proceeding against the plain-

tiffs as well as against their corporation. Proposed Amended Complaint ¶¶ 58–61 & at 13 (demand for award of fees and costs incurred in defending arbitration proceeding prior to plaintiffs' dismissal from that proceeding). The motion to amend is granted as to those claims in proposed Count II.

concluded only that their corporation had not established the elements of a claim against it for malicious prosecution in the Texas action, Reply at 6–7, and this assertion is correct, Award of Arbitrator, *In re 11 113 00079 03 Kyl Smith, et al. and Talk America, Inc., et al.* (American Arbitration Association, Commercial Arbitration Tribunal, November 13–15, 2003) (Exh. B to Opposition), at 7. The defendants argue that this finding nonetheless bars the individual plaintiffs' claim in this action because their corporation is closely-held and they actively participated in the arbitration proceeding, citing section 59 of the Restatement (Second) of Judgments. Opposition at 7–8. The plaintiffs do not deny either of these factual assertions but rely on an exception provided in that section of the Restatement. Reply at 5–8.

The Maine Law Court adopted Section 59 in *Spickler v. Dube,* 644 A.2d 465, 468 (Me. 1994). The relevant portions of this section provide:

> Except as stated in this Section, a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member of a non-stock corporation, nor does a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself.
>
>   \*    \*    \*    \*    \*    \*
>
> (3) If the corporation is closely held, in that one or a few persons hold substantially the entire ownership in it, the judgment in an action by or against the corporation or the holder of ownership in it is conclusive upon the other of them as to issues determined therein as follows:
>
> > (a) The judgment in an action by or against the corporation is conclusive upon the holder of its ownership if he actively participated in the action on behalf of the corporation, unless his interests and those of the corporation are so different that he should have opportunity to relitigate the issue . . . .

Restatement (Second) of Judgments § 59 (2003). The claim which the owners of a closely-held corporation sought to assert in *Spickler* was a shareholders' derivative action, which the Law Court held to be barred. 644 A.2d at 466, 468. Here, the plaintiffs raise individual claims which, while having the same elements as the claim asserted by their corporation in the arbitration proceeding, do not assert the same interest as that asserted by their corporation. "[T]he fact that the interests of a closely-held corporation and its proprietors are usually identical should not abrogate the corporation's distinct legal identity for purposes such as taxation, regulation and liability." *Id.* at 468. Here, litigation of the individual plaintiffs' claims is necessary to protect their own interests, which are in this instance distinct from those of their corporation. *Id.* At this stage of this proceeding, the merits of those claims are not a matter for the court's consideration. The mere fact that a corporation existed against which the defendants could bring their claims in Texas is a factor differentiating the plaintiffs' claims from that of their corporation.

The plaintiffs' malicious prosecution claims based on the Texas action are not necessarily futile and their motion to amend their complaint to add the proposed Count II is therefore granted in all respects.

### Conclusion

The plaintiffs' motion for leave to amend their complaint is **DENIED** as to those portions of the proposed Count I that seek declaratory relief to the effect that "arbitration proceedings by Defendants against Plaintiffs are unlawful," Proposed Amended Complaint ¶ 56 & demand for relief subsection (3) at 12, and otherwise **GRANTED**. The plaintiffs may file an amended complaint consistent with this ruling within 10 days of the date of this opinion.