STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-302

DALE HOLMAN,

       Plaintiff

v.

       ORDER

STJ, INC., et al.,

REC'D CUMB CLERKS OF(
FEB 20 '19 AH10:23

       Defendants

Before the court is a motion by defendants STJ Inc. and Gorham Sand & Gravel Inc. (GSG) for a *Spickler* order[1] against plaintiff Dale Holman and a cross-motion by Holman, who is representing himself in this action, contending that defendants are in contempt of court.

At the outset, Holman's cross-motion for contempt against defendants is frivolous. Holman does not claim that defendants have violated any court order, nor is there any possible basis for a claim that defendants have engaged in any disorderly or insolent behavior that has obstructed the administration of justice or diminished the court's authority.

Defendants' request for a *Spickler* order initially raises the question whether, given the entry of final judgment on November 14, 2018, the court retains jurisdiction to consider defendants' motion. Assuming that the court does have jurisdiction, the appropriateness of a *Spickler* order in this case presents a close question.

Holman's claims against STJ and GSG in this action were dismissed by order dated November 9, 2018 and docketed November 14, 2018. The dismissal was based in part on Holman's failure to oppose defendants' motion to dismiss, in part on the fact that most of the allegations related to actions that had occurred more than 10 years earlier, and in part on the fact that this appeared to be repetitive litigation on issues that had already been decided.

---

[1] *See Spickler v. Key Bank,* 618 A.2d 204 (Me. 1992); *Spickler v. Dube,* 644 A.2d 465 (Me. 1994).

**Plaintiff–Pro Se**
**Defendants STJ and GSG–**
**Bruce Hepler, Esq.**

Specifically, Holman, who was at that time represented by counsel, had filed a lawsuit against STJ and GSG in 2007 that sought damages and injunctive relief based essentially on the same allegations in his complaint in this action. That action was dismissed with prejudice by stipulation on April 15, 2008. *Holman v. STJ Inc. et al.,* RE-07-188 (Superior Court Cumberland).

Approximately 10 years later, in January 2018, Holman served a complaint on STJ and GSG containing allegations that were in many respects the same as those in his 2007 complaint. *Holman v. STJ Inc. et al.,* CV-18-97 (Superior Court Cumberland). In May 2018 that complaint was dismissed pursuant to M.R.Civ.P. 3 because, although served, the complaint was never filed. In addition, attorney's fees were assessed against Holman because the court (Walker, J.) found that Holman did not intend to file the complaint and the action was therefore "vexatiously commenced."[2]

Having failed to file the complaint in CV-18-97, Holman then turned around and on July 2, 2018 filed the complaint in this case, along with a motion for a preliminary injunction.

Holman has thus commenced three actions against STJ and GSG on essentially the same claims. The first, RE-07-188, resulted in a stipulation of dismissal with prejudice, although the court does not know whether that was part of a settlement. The second was dismissed on procedural grounds with a finding of vexatiousness. This action was resolved against Holman on the merits based on an unopposed motion to dismiss.

STJ and GSG have also offered evidence that Holman has made threats to file criminal complaints against defendants and threats to file further litigation against them, most recently by email on November 2, 2018. He has filed a bar complaint against defendant's counsel and has threatened to bring litigation against defendants' law firm. He has also sued neighboring property owners on related claims involving the alleged diversion of water onto his property. *Holman v. Johnson,* CV-18-68 and CV-18-143 (Superior Court Cumberland). The latter cases

---

[2] Holman's appeal from the imposition of attorney's fees was thereafter dismissed by the Law Court because Holman did not file a brief. *Holman v. STJ Inc.,* Docket No. Cum-18-316 (order dated November 6, 2018).

2

were settled and a *Spickler* order was included in the settlement precluding Holman from suing the neighboring property owners without first petitioning the court for approval. However, the *Spickler* order in *Holman v. Johnson* was entered by agreement.

Holman's position is not helped by the fact that in several instances, after commencing legal action, he has been apparently unwilling to litigate on the merits (failing to file the complaint in CV-18-97, failing to brief his appeal in Cum-18-316, and failing to oppose the motion to dismiss in this action). This tends to support an inference that Holman's litigiousness does not constitute a good faith assertion of what he believes to be his legal rights but is instead intended as a form of harassment or protest. On this record the court cannot conclude that Holman's 2007 action was frivolous, but his two attempted reiterations of that action in 2018 (the complaint not filed and the complaint dismissed in this case) and the other behavior outlined above begin to approach the pattern of abusive and frivolous litigation necessary to justify a *Spickler* order.

Because the court concludes that jurisdiction to issue a *Spickler* order may be lacking in this case, it will dismiss defendants' motion. Given Holman's repetitive lawsuits, Justice Walker's finding that Holman's action in CV-18-97 was vexatiously commenced, and the other points noted above, Holman is on notice that any future similar behavior on his part could result in the imposition of a *Spickler* injunction against him.

The entry shall be:

The court doubts that it has jurisdiction to consider defendants' motion for a *Spickler* order, and accordingly that motion is dismissed. Plaintiff's cross-motion for contempt is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February **20**, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 2/21/19

3